On Rehearing
HARDY, Judge.
We were constrained to grant a rehearing in this case by reason of the insistent and persuasive arguments of learned counsel for plaintiff relating to our possible misconstruction and misinterpretation of factual circumstances as reflected by the record. However, our careful re-examination and reconsideration of the record in the case has only served to confirm us in our evaluation and interpretation of the evidence and the conclusions reached therefrom.
We particularly wish to avail ourselves of this opportunity to re-emphasize a point which was somewhat casually made in our original opinion bearing upon the negligence of both drivers under the existing *418 conditions and circumstances. Although it is urged that vision' was not seriously impaired hy the'clouds of dust resulting from the almost continuous passage of trucks traveling in both directions along the road at and near the point of fhe collision, we think' this contention is completely unsupported by the evidence. We refer particularly to the testimony of -the drivers themselves, for the defendant- Salters testified as follows:
“Q. ■ Well, when did you first notice Mr. Whitlock’s truck?; A. He had his lights on, and-wavering in the road, -there- — looked like he- was scared and couldn’t see.
“Q. How far was his truck from you .when you saw him?- A. About IS or 16 feet, I guess.” -
And the plaintiff, Whitlock, testified that he met and passed the Mahoney truck “and all of a sudden there .-was Mr. Salter’s truck * * This witness also testified repeatedly that “the dust .was like a fog.”
Under the' circumstances,- considering the serious impairment of visibility which existed, both- -parties were unquestionably guilty of negligence in driving their respective trucks at speeds of 30 to 35 miles per hour on a-narrow road, and'such a circumstance of fact effectively bars the right to recovery by either party.
In application and on rehearing the court’s attention has been- called to error in its observation in the original' opinion -as to the minority of the defendant, Salters, and the consequent effect' of such fact upon his capacity to be sued and to ;stand in judgment. This gratituofis observation on the part of the court was inadvertent and, in view of the conclusions we" have reached on both hearings, must be regarded ás mere surplusage, not to be considered nor given effect as a binding pronouncement.
For the reasons assigned the judgment rendered on original hearing hereof is reinstated and made final.